**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4856**

———————

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

          versus

ALFREDO LEON-SANCHEZ,

                              Defendant - Appellant.

———————

Appeal from the United States District Court for the Western
District of North Carolina, at Statesville.  Richard L. Voorhees,
District Judge.  (CR-03-32)

———————

Submitted:  April 27, 2005          Decided:  September 23, 2005

———————

Before MOTZ and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Aaron E. Michel, Charlotte, North Carolina, for Appellant.
Gretchen C. F. Shappert, United States Attorney, Charlotte, North
Carolina, Amy E. Ray, Assistant United States Attorney, Asheville,
North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Alfredo Leon-Sanchez appeals his jury conviction and sentence for possession with intent to distribute five hundred or more grams of cocaine in violation of 21 U.S.C. § 841 (2000). Finding no error, we affirm.

Leon-Sanchez argues that the district court erred in quashing his subpoena for documents held by the custodian of records for the sheriff's department of Iredell County, North Carolina. The motions to quash the subpoena were referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) (2000). The magistrate judge granted the motions in part, thereby quashing some of the document requests and ordering production of others. The district court, after a stay of the magistrate judge's order, reversed the magistrate judge's order in part, thereby quashing the entire subpoena. See 28 U.S.C. § 636(b)(1)(A). Thus, this court must determine if the district court erred in reversing in part the magistrate judge's order under § 636(b)(1)(A), which authorizes the district court to reconsider any pretrial matter referred to a magistrate judge if the magistrate judge's order is clearly erroneous or contrary to law. After reviewing the materials before us on appeal, we conclude that the district court did not err in reconsidering the magistrate judge's order and quashing Leon-Sanchez's subpoena.

Leon-Sanchez also argues that the district court erred in denying his motion to suppress. This court reviews the factual findings underlying a motion to suppress for clear error, and the district court's legal determinations de novo. See Ornelas v. United States, 517 U.S. 690, 699 (1996). When a suppression motion has been denied, this court reviews the evidence in the light most favorable to the government. See United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998).

With these standards in mind, we conclude that the sheriff's officer had reasonable suspicion of unlawful conduct to make a traffic stop of the vehicle Leon-Sanchez was operating. See Terry v. Ohio, 392 U.S. 1, 20-22 (1968); United States v. Wilson, 205 F.3d 720, 722-23 (4th Cir. 2000); see also United States v. Hassan El, 5 F.3d 726, 731 (4th Cir. 1993) (noting a traffic violation, no matter how minor, gives an officer probable cause to stop the driver). We further conclude that, based on the totality of the circumstances, the officer had a reasonable suspicion that criminal activity was afoot in order to ask Leon-Sanchez further questions after the traffic stop was complete. See United States v. Brugal, 209 F.3d 353, 358 (4th Cir. 2000).

We also conclude that the district court did not err in finding that Leon-Sanchez freely and voluntarily consented to the search of his vehicle. See Ferguson v. City of Charleston, 308 F.3d 380, 396 (4th Cir. 2002) (noting voluntary consent to a search

is an exception to the Fourth Amendment prohibition against unreasonable searches). Even if he had not consented, the officers did not impermissibly broaden the scope of the stop by searching Leon-Sanchez's car and conducting a canine sniff for drugs. See Illinois v. Caballes, 125 S. Ct. 834, 838 (2005) ("A dog sniff conducted during a concededly lawful traffic stop that reveals no information other than the location of a substance that no individual has any right to possess does not violate the Fourth Amendment."). Furthermore, the drug dog alert gave the officers probable cause to conduct a warrantless search of the bumper, where they found the cocaine. See United States v. Buchanon, 72 F.3d 1217, 1228 (6th Cir. 1995).

Leon-Sanchez also argues evidence should have been suppressed under the Fifth Amendment's equal protection clause because he was stopped solely because of his race. See Whren v United States, 517 U.S. 806, 813 (1996). However, the district court found that the officer could not and did not see the defendant prior to stopping his vehicle. We conclude this factual finding was not clearly erroneous. Accordingly, the district court properly dismissed Leon-Sanchez's motion to suppress.

Leon-Sanchez also argues that the district court should have granted his motion for a judgment of acquittal or new trial. This court must affirm Leon-Sanchez's jury conviction if there is substantial evidence, when viewed in the light most favorable to

the Government, to support the jury's verdicts. <u>Glasser v. United States</u>, 315 U.S. 60, 80 (1942). We conclude there was sufficient evidence to support the jury's verdict. We also conclude that the district court did not abuse its discretion in denying Leon-Sanchez's motion for a new trial. <u>See</u> Fed. R. Crim. P. 33(a).

Finally, Leon-Sanchez challenges his sentence under <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004).[1] <u>See also</u> <u>United States v. Booker</u>, 125 S. Ct. 738 (2005). However, he apparently concedes that the jury found him guilty of possessing the full amount of cocaine found in his vehicle (3.98 kilograms). Accordingly, as the sentence was based upon the jury's findings of drug quantity and not judicial factfinding, we find no Sixth Amendment error under <u>Booker</u>.[2] Leon-Sanchez claims his jury verdict for 3.98 kilograms of cocaine was an unconstitutional variance from his indictment, which alleged the possession (with intent) of 500 or more grams of cocaine. We find there was no unconstitutional variance. <u>See</u> <u>United States v. Randall</u>, 171 F.3d 195, 203 (4th Cir. 1999) (noting a variance does not violate constitutional rights unless the defendant is prejudiced or is exposed to double jeopardy).

---

[1]He raised this objection at sentencing.

[2]Leon-Sanchez does not argue his sentence was improper under <u>Booker</u> even though he was sentenced under a mandatory guidelines scheme. In any event, any <u>Booker</u> error would be harmless because the district court concluded that it would have imposed an identical sentence if the sentencing guidelines were invalidated.

Accordingly, we affirm Leon-Sanchez's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED